MATTHEW R. GALEOTTI, Supervisory Official
ALEXANDER GOTTFRIED, Trial Attorney (NY Bar No. 5490024)
BLAKE J. ELLISON, Trial Attorney (TX Bar No. 24117203)
Attorneys for the United States of America
U.S. Department of Justice, Criminal Division
Public Integrity Section
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: 202-262-7011
Blake.Ellison@usdoj.gov

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

MAY 19 2025

GARY P. SEDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-415 |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| DAVID COLE, | |
| Defendant. | Judge Ann Marie McIff Allen |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Counts I and II of the Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me.

    a. The elements of Count I, which charges Conspiracy to Convert Property of Another by an Officer or Employee of the United States and Remove Property in the Custody of the United States in violation of 18 U.S.C. § 371, are:

        i. First, the defendant agreed with at least one other person to violate the law; that is, to convert the property of another as officers or employees of the United States, in violation of 18 U.S.C. § 654; and to remove property in the custody of the United States, in violation of 18 U.S.C. § 2232(a);

ii. Second, one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

iii. Third, the defendant knew the essential objective of the conspiracy;

iv. Fourth, the defendant knowingly and voluntarily participated in the conspiracy; and

v. Fifth, there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

b. The elements of Count II, which charges Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846, are:

i. First, two or more persons agreed to violate the federal drug laws;

ii. Second, the defendant knew the essential objective of the conspiracy;

iii. Third, the defendant knowingly and voluntarily involved himself in the conspiracy; and

iv. Fourth, there was interdependence among the members of the conspiracy.

2. I know that the maximum possible penalties provided by law for the charges against me are as follows:

a. Count I of the Information, a violation of 18 U.S.C. § 371, is punishable by a term of imprisonment of five years, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a term of supervised release of three years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

b. Count II of the Information, a violation of 21 U.S.C. § 846, the penalties for which are provided at 21 U.S.C. § 841(b)(1)(C), is punishable by a term of imprisonment of twenty years, a fine of $1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a term of supervised release of at least three years that must accompany any sentence of imprisonment, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

c. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offenses shall be ordered pursuant to 18 U.S.C. § 3663A.

d. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    a. Offense Level under the Guidelines:

        i. The defendant's base offense level is 30 pursuant to U.S.S.G. § 2D1.1(a)(5).
        ii. Pursuant to U.S.S.G. § 3B1.3, the defendant abused a position of trust in the commission of the offense, resulting in a 2-level increase in the defendant's offense level.

    b. Zero Point Offender:

        i. Pursuant to U.S.S.G. § 4C1.1, the defendant is a zero-point offender, resulting in a 2-level reduction in the defendant's offense level.

    c. Acceptance of Responsibility:

        i. The United States agrees to recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by 2 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines.
        ii. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with U.S.S.G. § 3E1.1(b), if the defendant qualifies for a 2-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

    d. Criminal History Category:

        i. Based upon the information now available to the United States (including representations by the defense), the defendant has

no criminal history. In accordance with the above, therefore, the defendant's Criminal History Category is I.

  e. Applicable Guideline Range:

    i. Based upon the calculations set forth above, the defendant's offense level, assuming a 3-point reduction for acceptance of responsibility, is 27. As such, the defendant's stipulated Sentencing Guidelines range is 70 to 87 months.

  f. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

5. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

6. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

7. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  a. I have a right to the assistance of counsel at every stage of the proceeding.

  b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

4

       h. It requires a unanimous verdict of a jury to convict me.

       i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

    8.     If I plead guilty, I will not have a trial of any kind.

    9.     I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

    10.     I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

    11.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

    12.     I stipulate and agree that the facts set forth in the Statement of Offense are true and accurate and provide a basis for the Court to accept my guilty plea.

    13.     The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

       a. **Guilty Plea.** I will plead guilty to Counts I and II of the Information.

       b. **Agreement Not to Prosecute.** The United States agrees that it will move to dismiss the indictment filed in Case Number 24-cr-415-RJS-DBP and not further prosecute me for any crimes described in the Statement of Offense or for any other drug, fraud, and corruption offenses of which the Public Integrity Section and the law enforcement agents working with the Public Integrity Section are currently aware. This agreement does not provide any limitation of liability arising out of any acts of violence.

       c. **Release/Detention:** The United States agrees that if the defendant is sentenced to a period of incarceration, the parties will jointly recommend that the defendant should be released from custody at the time of sentencing and be permitted to self-report to the Bureau of Prisons at a date ordered by the court. During such period of release, the parties agree that the defendant shall be subject to conditions of release to include electronic monitoring, non-contact with witnesses, and prohibition on his ability to travel outside of the District of Utah."

       d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report. I also knowingly, voluntarily, and expressly waive any argument (1) that the statutes to which I am pleading guilty are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statutes.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

f. **Venue Waiver.** I waive any challenge to venue in this district.

g. **FOIA and Privacy Act Waiver.** I waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

h. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

i. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on my guilty plea to Count I of the Information. My attorney has explained what mandatory restitution means.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

j. **Forfeiture.**

(1) I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

- The proceeds I obtained, directly or indirectly, as the result of the offense in Count II, in the form of a money judgment of at least $195,000, as permitted under Rule 32.2 of the Federal Rules of Criminal Procedure.

- $7,275 in U.S. currency (seized from 5348 W. South Jordan Parkway, South Jordan, Utah on December 4, 2024).

- $30,340 in U.S. currency (seized from safe deposit box B1349 at Safe Haven Private Vaults in South Jordan, Utah on December 6, 2024).

(2) I acknowledge that this property is subject to forfeiture under 21 U.S.C. § 853.

(3) I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(4) I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

(5) I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property.

(6) I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

14. I understand and agree that this plea agreement is solely between me and the Public Integrity Section, Criminal Division, United States Department of Justice and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

15. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am 51 years of age. My education consists of _BACHELOR'S DEGREE_.

2. I can read and understand English.

3. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, of those additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

4. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

5. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

6. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

7. I am satisfied with my lawyer.

8. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of

8

the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

9. I have no mental reservations concerning the plea.

I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this 19th day of May, 2025.

DAVID COLE
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 19 day of May, 2025.

ALEX RAMOS
JAMIE Z. THOMAS
Attorneys for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 19 day of May, 2025.

MATTHEW R. GALEOTTI
Supervisory Official
Criminal Division

ALEXANDER B. GOTTFRIED
Trial Attorney